**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ALASKA**

| | |
|---|---|
| In re: ) | |
| ) | |
| BODY RENEW ALASKA, LLC, ) | **Case No.: 20-00075 GS** |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| BODY RENEW ALASKA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. Case No. 20-90005 GS |
| ) | |
| UNITED STATES SMALL BUSINESS ) | |
| ADMINISTRATION and JOVITA CARRANZA, ) | |
| in her capacity as Administrator for the United ) | |
| States Small Business Administration, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION REGARDING**
**THE DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE**

*To: the Clerk of the Bankruptcy Court to forward to the United States District Court for the District of Alaska*

Introduction

Plaintiff Body Renew Alaska, LLC (Body Renew) commenced the underlying adversary action within its pending subchapter V chapter 11 bankruptcy on June 19, 2020. Body Renew challenges the United States Small Business Administration's (SBA) adoption and implementation of rules precluding bankruptcy debtors from qualifying for loans made available under the Payroll Protection Program (PPP) created as part of the Coronavirus Aid, Relief and Economic Security Act (CARES Act). Contemporaneous with the filing of the adversary action, Body Renew also sought entry of a temporary

PAGE 1

restraining order (TRO) to enjoin the SBA from denying Body Renew's qualification for a PPP loan.  The request for entry of a TRO was scheduled for the following Wednesday, June 24, 2020 (ECF No. 8), and later moved to Friday, June 26, 2020 to accommodate the SBA's schedule (ECF No. 15).

Prior to the hearing on Body Renew's motion for TRO, the court held a hearing on June 22, 2020 on a motion for TRO filed in a substantially similar action, *Alaska Urological Institute, P.C. v. U.S. Small Business Administration (AUI v. SBA)*, Adv. Case No. 20-90004, commenced by another Alaska chapter 11 debtor.  Counsel for Body Renew appeared at the June 22 hearing, and the parties agreed on the record that Body Renew's request for TRO and preliminary injunction would be collapsed into a single hearing for the court's consideration on June 26, 2020, and heard together with the motion for a preliminary injunction in the *AUI v. SBA* case.  Also at the June 22 hearing, the parties agreed that the SBA would reserve funds in the amount stated within the complaint until the June 26 hearing.

The court held the hearings for entry of the preliminary injunctions as scheduled on June 26.  At the conclusion of the hearings, the court entered its oral ruling granting preliminary injunctions in both cases and enjoining the SBA from enforcing its current rule that bankruptcy debtors do not qualify for PPP loans.  An order granting the motion for preliminary injunction was entered that same day (ECF No. 23).

Between the hearings on the TRO and preliminary injunctions, the SBA filed its Motion to Withdraw the Reference (Motion to Withdraw) (ECF No. 14) in this proceeding, and a similar motion the *AUI v. SBA* proceeding.  At the conclusion of the

PAGE 2

hearings for preliminary injunction, the court continued the Motions to Withdraw for status conferences on Monday, July 6, 2020. At the status conferences the SBA informed the plaintiffs and the court that it was considering appealing the preliminary injunctions. The parties agreed to continue the status conferences to that Friday, July 10, 2020, to better understand how the SBA wanted to proceed. At the continued status conference, the SBA advised that it intended to both (1) appeal entry of the preliminary injunctions and (2) move forward with the Motion for Withdrawal.

The adversary proceeding is part of a wave of challenges to the SBA's "no bankruptcy" rule adopted in administering the PPP being raised in courts throughout the country. However, Body Renew commenced its adversary proceeding with less than two weeks remaining for the PPP. This was the cause for the highly expedited consideration of the motions for temporary and preliminary injunctive relief. All parties were unclear what the expiration of the program on June 30, 2020, would mean for these actions. After the program expired, however, it was extended to August 8, 2020.

On Friday, July 10, 2020, the SBA appealed entry of the preliminary injunction to this court. Thus, the SBA seeks to have both the underlying adversary proceeding and an appeal from that adversary proceeding heard in the same court. The SBA advised that if the reference is stayed, it intends to request that the appeals be held in abeyance pending resolution of the adversary proceeding at the trial level.

In light of the SBA's intent to continue with the pending Motion for Withdrawal and simultaneously appeal, at the continued July 10 status conference the court confirmed the July 17, 2020 deadline for Body Renew's opposition to the Motion to

PAGE 3

Withdraw, and set a deadline for the SBA's filing of a reply. Also at the July 10 status conference, bankruptcy counsel for Body Renew appeared and advised the court that getting an expedited decision on the merits remains critical to its efforts to process its PPP application as it faces "meaningful rent problems" as well as a rapidly-approaching deadline to file its subchapter V chapter 11 plan of reorganization. After the SBA filed its notice of appeal, Body Renew filed its Conditional Statement of Non-Opposition to Defendants' Motion for Withdrawal of Reference (ECF No. 35), informing the court that it did not object to the withdrawal of reference so long as the withdrawal did not affect its ability to enforce the preliminary injunction.

Discussion

The SBA argues that withdrawal of the reference is mandatory under 28 U.S.C. § 157(d), which provides: "The district court shall, on timely notice of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." In this instance, the request for withdrawal of the reference is timely.

The SBA contends that withdrawal is mandatory because Body Renew's claims depend upon construction of the SBA's rulemaking authority. It contends that removal is required because the action calls for the court to interpret, rather than merely apply, a statute other than the Bankruptcy Code. *See Sec. Farms v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers*, 124 F.3d 999,(9th Cir. 1997); *In re Tamalpais Bancorp*, 451 B.R. 6, 8-9 (N.D. Cal. 2011).

PAGE 4

The court notes several points.  First, Body Renew's actual challenge largely rests in application of the Administrative Procedures Act, under well established precedent.  Thus, it appears that the court is merely applying the APA to the PPP.  Second, in the multitude of cases that have exploded from the SBA's "no bankruptcy" rule, it has failed to raise similar challenges.  Given the exigent circumstances attendant to these challenges, there is now a considerable number decisions on the subject, though there remains a dearth of appellate decisions, presumably simply due to the timing of the cases working their way through the process.[1]  Third, and finally, Body Renew also includes a claim that the SBA's administration of the PPP violates 11 U.S.C. § 525.  This claim arises from the Bankruptcy Code and does not raise similar concerns for mandatory withdrawal.

While the court is skeptical whether this case must be withdrawn, it agrees that withdrawal is in the best interests of the parties given the continuing time pressures.  28 U.S.C. § 157(d) also permits permissive withdrawal of the reference.  Whatever the basis for withdrawal of the reference, it is clear that it is in the best interests of the parties and

---

[1]  Between the hearings on the TRO and preliminary injuction, the Fifth Circuit rejected a bankruptcy debtor's challenge to the SBA's "no bankruptcy" rule in *Hidalgo County Emergency Service Foundation v. Carranza,* —— F.3d. ——, 2020 WL 3411190 (5th Cir. June 22, 2020) (quoting *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1290 n.6 (5th Cir. 1994)) [emphasis in original], based on its long standing precedent that "'all injunctive relief directed at the SBA is ***absolutely prohibited***.'"  The court is unaware of any similar precedent in the Ninth Circuit. *See generally California Cosmetology Coal. v. Riley*, 110 F.3d 1454, 1457 (9th Cir. 1997)(permitting injuctive relief without discussion despite similar anti-injunctive relief in the Higher Education Act, 20 U.S.C. § 1091b); *Am. Ass'n of Cosmetology Sch. v. Riley,* 170 F.3d 1250, 1257 (9th Cir. 1999)(Rheinhardt, J. dissenting)("This court recently held that where the plaintiff alleges that the Secretary has clearly exceeded his statutory authority in the execution of his duties, the court may grant injunctive relief notwithstanding § 1082(a)(2).").

PAGE 5

the courts.² The PPP loan that Body Renew seeks significantly affects its pending efforts to reorganize under chapter 11 during a pandemic. Withdrawal of the reference will eliminate costly time and attention to jurisdictional and procedural disputes that threaten the bankruptcy court's ability to provide meaningful relief to the litigants. This is further complicated by the pending appeal of the preliminary injunction to this court, and the possible duplication of efforts. Indeed, this appears to be the very reasons that Body Renew has filed its non-opposition to the Motion to Withdraw.

The court has truncated its withdrawal analysis in light of Body Renew's non-opposition to the Motion to Withdraw, and in light of the paramount need for an expeditious consideration of the merits.³ For these reasons, the bankruptcy court respectfully recommends that the reference filed by the SBA (ECF No. 14) be withdrawn so that the underlying litigation may be heard by the district court in a timely manner.

Dated this July 14, 2020.

By: /s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve: Clerk of Court
T. Buford, Esq.

---

² The parties also dispute whether the bankruptcy court has the subject matter jurisdiction and constitutional authority to enter final judgment on Body Renew's claims.

³ Even in matters where the bankruptcy court cannot enter final judgment, district courts often delay withdrawal of the reference so a bankruptcy court may retain jurisdiction over all pretrial matters, including summary judgment. *See Catholic Bishop of N. Alaska v. Continental Ins. Co.,* Adv. Case No. 08-90019-DMD, 2008 WL 8657847 (Bankr. D. Alaska Sept. 16, 2008). Again, this case presents a unique situation where the bankruptcy court's decision on the motion for preliminary injunction may be viewed as the conclusion of the pre-trial matters as Body Renew has stated an intention to convert the preliminary injunction into a permanent injunction. *See* ECF No. 1, *passim*.


 
D. Martin, Esq.
ECF Participants via NEF
Case Manager